UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JEANETTE BROWN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SONOMA COUNTY LAND COMPANY, et al.,<br><br>    Defendants. | Case No. 18-cv-02699-RMI<br><br>**ORDER** |

On January 28, 2020, the parties appeared for a further case management conference. Prior to the conference Plaintiffs filed a Case Management Statement (dkt. 62). Within the statement, Plaintiffs identify two issues they wish for the court to resolve. The first issue relates to Penny Cutting and her status in this action. The second issue relates to a question about the location of the trial and Plaintiffs' attendance.

### *Plaintiffs to this action*

In their Case Management Statement, Plaintiffs state that the Complaint had previously been amended "to name Penny Cutting and Kim Hayden as survivor plaintiffs and Penny Cutting, a disabled person, for her independent action." *Id*. at 3. Plaintiffs specifically point to paragraph 38 of the Amended Complaint which states as follows:

> At said times and places, plaintiff PENNY CUTTING as a disabled individual and not as a survivor makes the same claim and alleges as all other disabled plaintiffs as stated herein for the encounter of architectural barriers at Super Taco, Smoke Shop, Star Cellular, Dollar Tree, Old Mission Pizza and adverse experiences as stated herein commencing June 4, 2019 to the date of filing of this amended complaint and continues until all architectural barriers are removed.

Am. Compl. (dkt. 55) at 14. Plaintiffs assert that "[u]nfortunately, due to excusable neglect, Penny

Cutting should also have been added t[o] the caption not only as a survivor plaintiff, but as 'Penny Cutting in her individual capacity.'" Pls.' Case Management Statement (dkt. 62) at 3. Plaintiffs raised this issue orally at the conference as well and sought guidance from the court. Remaining Defendants, Sonoma Land Company and E. Richard Thomas, objected to either altering the case caption or allowing Plaintiffs to formally amend the complaint to include Penny Cutting as an individual plaintiff.

First, it must be noted that there are two related cases here – *Brown v. Sonoma County Land Company*, 1:17-913-RMI ("17-913") and *Brown et al v. Sonoma County Land Company et al*, 1:18-2699-RMI ("18-2699"). Plaintiff in 17-913 did not attempt to add Penny Cutting as a Plaintiff outside of her standing as a "survivor" of Jeanette Brown. As to the Amended Complaint in 18-2699, the case caption and the first paragraph only refer to Penny Cutting "as survivor of Jeanette Brown." Am. Compl. (dkt. 55) at 2. In the second paragraph, Plaintiffs do refer to Penny Cutting as being in a "class" within the "disability community" but that paragraph also includes Kim Hayden, who is only acting as a survivor for Norma Lowe. *Id*. Penny Cutting is next mentioned in paragraph 5, which states that she "is substituted in as survivor of deceased plaintiff Jeanette Brown." *Id*. at 4. Next, beginning in paragraph 9, under the subheading "PARTIES," Plaintiffs list and describe each Plaintiff along with their physical disabilities and limitations and set forth why they are eligible to proceed with their claims. *Id*. at 5-7. The only mention of Penny Cutting within this section is as the survivor of Jeanette Brown. *Id*. at 7. The next mention of Penny Cutting occurs in paragraph 30, which lists her amongst those having disabilities and patronizing Defendants' facilities. *Id*. at 12. That then is followed by the discussion of Penny Cutting in paragraph 38, which is set forth above. *See Id*. at 14. Paragraphs 40 and 41 describe the architectural barriers that Penny Cutting encountered. *Id*. at 14-15. And finally, Ms. Cutting is mentioned in her own capacity as a person who was denied her rights to equal access of a public facility. *Id*. at 31.

The first question before the court is not whether Ms. Cutting should be dismissed from this action, but whether she was properly added. The court finds that she was not. In order to properly plead allegations under Title II of the ADA, a plaintiff must allege that they are a qualified individual with a disability, which is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such

an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102 (West). Plaintiffs have adequately set forth those allegations with respect to the other Plaintiffs, but not as to Penny Cutting. There is no statement within the Amended Complaint with respect to which disabilities Penny Cutting suffers and how she suffered adverse experiences from the architectural barriers she encountered (such as an improper door pressure at the Super Taco as described in paragraph 41). It can be intuited from the Amended Complaint, based on certain paragraphs that specifically exclude Ms. Cutting, that she does not require the use of a wheelchair. But that is merely a guess. A well pleaded complaint includes a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8, and should not require that the opposing side speculate as to alleged facts and claims and what possible defenses might exist. Thus, it cannot be said that Penny Cutting was properly added as an individual plaintiff to this case.

The second question then, is whether Plaintiffs should be allowed to amend the complaint to add Penny Cutting over Defendants' objections. The answer to this question is no. The case is close to trial, discovery is complete, the dispositive motions deadline has closed, and the prejudice to Defendants would be too severe. Plaintiffs suggested at the hearing that if Penny Cutting was not added as a Plaintiff in this action, that she might simply file her own separate action. That issue is for the parties. If they stipulate to adding Ms. Cutting to this action the court will allow it.

Further, within their Case Management Statement (dkt. 59), Defendants raised the issue of the death of Plaintiff Terry Greenlaw. Indeed, on October 9, 2019, former Defendant Read Investments LLC, filed a Notice of Plaintiff Terry Greenlaw's death pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Because no substitution has been made, **Terry Greenlaw is DISMISSED as a Plaintiff in this action**. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.") (emphasis added).

### *Location of the trial and Plaintiffs' attendance*

The trial will take place at the McKinleyville courthouse. This may assuage some of Plaintiffs' concerns regarding the ease of their accessibility to the courthouse. Certainly, a one-

3

story building with ample parking will provide Plaintiffs with the best possibility for accommodating their attendance. The parties shall meet and confer to discuss Plaintiffs' suggestion of the use of video during the trial and file a joint statement on the matter **no later than February 20, 2020**. In addition, the statement will include an update as to the status of ADR.

**IT IS SO ORDERED.**

Dated: January 30, 2020

ROBERT M. ILLMAN
United States Magistrate Judge